UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HENRY NELSON SANTOS-PRADO,

                       Petitioner,

    - against -                                     5:04-CV-1035
                                                                    (5:01-CR-258)

UNITED STATES OF AMERICA,

                       Respondent.
_____

## MEMORANDUM-DECISION AND ORDER OF DISMISSAL

      Petitioner seeks an order vacating, setting aside or correcting his sentence pursuant to 28 U.S.C. § 2255 in the wake of the decision by the United States Supreme Court in *Blakely v. Washington,* --- U.S.----, 124 S. Ct. 2531 (2004). There, the Supreme Court affirmed the rule it first announced in *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000), which was "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In *Blakely,* the petitioner was sentenced to more than three years above the 53-month statutory maximum of the standard range because he had acted with "deliberate cruelty." *Blakely,* 124 S. Ct. at 2537. However, the facts supporting that finding were neither admitted by petitioner nor found by a jury. Thus, the Supreme Court ruled that the state's sentencing procedure did not comply with the Sixth Amendment and invalidated the petitioner's sentence.

      In August 2004, the Second Circuit Court of Appeals decided in *United States v. Mincey,* 380 F.3d 102, 103 (2d Cir. 2004), that unless and until the Supreme Court determines that *Blakely* affects directly the Federal Sentencing Guidelines, courts in this Circuit should continue to apply the Guidelines as written and interpreted by the Second Circuit to date. To wit, the Court of Appeals has consistently held since *Apprendi* that the method of fact-finding called for

by the Federal Sentencing Guidelines is consistent with the constitutional right to a jury trial as interpreted by the Supreme Court in *Apprendi*. *See id.* (citing *United States v. Thomas,* 274 F.3d 655, 664 (2d Cir.) (in banc) (rejecting argument that jury fact-finding was necessary for application of Guidelines enhancements that did not result in sentences higher than those prescribed by the statute of conviction), *cert. denied,* 531 U.S. 1069 (2001); *United States v. Garcia,* 240 F.3d 180, 184 (2d Cir. 2001) (holding that a Guidelines factor that is "unrelated to a sentence above a statutory maximum or to a mandatory statutory minimum, [as established by Congress,] may be determined by a sentencing judge and need not be submitted to a jury")). As a further matter, one court in this District has determined that even if *Blakely* does affect the Federal Sentencing Guidelines, it should not do so retroactively to cases on collateral review. *See Garcia v. United States,* 2004 WL 1752588 (N.D.N.Y. Aug. 4, 2004). This Court is both persuaded by the reasoning in *Garcia* and bound to apply the law as it presently exists in this Circuit.

Based thereupon, and upon the application of the government for either dismissal of the petition or postponement of its date to respond to the petition until after the Supreme Court clarifies the effect of *Blakely* on defendants sentenced prior thereto under the Federal Sentencing Guidelines, it is hereby

ORDERED, that the petition is dismissed without prejudice.

IT IS SO ORDERED.

Dated: October 15, 2004
      Syracuse, New York

*[signature]*
Norman A. Mordue
U.S. District Judge